Filed 1/25/16  P. v. Solchaga CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F070360 |
| Plaintiff and Respondent, | (Super. Ct. No. 14CM8561) |
| v. | |
| ROGER TOLENTINO SOLCHAGA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California for Plaintiff and Respondent.

-ooOoo-

---

*Before Franson, Acting P.J., Peña, J. and Smith, J.

## PROCEDURAL AND FACTUAL SUMMARY

Defendant Roger Tolentino Solchaga was charged in an information with knowing possession of marijuana and methamphetamine while incarcerated in Avenal State Prison (Pen. Code, § 4573.6, count 1).[1] The information further alleged defendant had a prior conviction for second degree murder within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). At the conclusion of a jury trial on August 7, 2014, defendant was convicted of the allegation and the prior serious felony conviction was found true. On October 14, 2014, the trial court sentenced defendant to the upper term of four years, doubled to eight years pursuant to the three strikes law. Defendant's sentence was ordered to be served consecutively to the term he was serving when he committed the instant offense.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

## FACTS

*PROSECUTION EVIDENCE*

Correctional Officer Alejandro Huerta was on duty at Avenal State Prison on December 18, 2012, conducting a random search of Dormitory 18 in Housing Unit 120 Facility A with his partner Officer Vargas. When Huerta entered the dormitory, defendant was eating by his bed. Defendant removed his clothing and handed it to Huerta. Huerta conducted an unclothed body search of defendant.

In the waistline of the shorts defendant was wearing, Huerta felt a couple of lumps. In a pocket inside the waist of the shorts, sewn in and secured by a safety pin, Huerta found four inmate-manufactured bindles. Three of the bindles were in latex, the fourth was in clear plastic wrap. When asked about the bindles, defendant said they might contain methamphetamine. Defendant was arrested and the suspected contraband was placed in an evidence locker.

---

[1]Unless otherwise designated, further statutory references are to the Penal Code.

Correctional Lieutenant Kenneth Raymond Clinton investigated the incident and talked to defendant. When asked what Huerta found inside defendant's shorts, defendant replied, "it's probably dope." This is a common term referring to narcotics. Clinton explained that sometimes an inmate will hold narcotics for another inmate so the second inmate does not get caught with contraband. Sometimes inmates hold contraband for each other to repay a debt.

Defendant refused to provide a urine test when Officer Michael Ferree attempted to obtain it. Lorna Trembley, a licensed vocational nurse, examined defendant and located a puncture mark under his skin that was likely left by a needle. Officer Vanessa Cruz, an investigative officer with the prison, conducted a "NIC" test on the suspected narcotics confiscated from defendant. The contents of three bindles tested positive for methamphetamine. The contents of the fourth bindle tested positive for marijuana. The parties stipulated the Department of Justice tested the substances and they were usable amounts of methamphetamine and marijuana. The stipulation was submitted to the jury as exhibit 16.

### DEFENSE EVIDENCE

Inmate Eric Joy was in the same housing unit as defendant and saw defendant being strip searched by one officer. Another officer searched a pair of shorts on the ground. When defendant was asked if the shorts belonged to him, defendant replied they were not his. Inmate Brian MacMillan was also in the same housing unit as defendant and observed the officers' search. MacMillan said the officers cleared defendant to leave his dorm room while they conducted their search. Defendant was apprehended 15 or 20 minutes later.

Inmate Luis Alvarez saw defendant being strip searched. Alvarez heard Officer Huerta say he could not find anything. Moments later, Huerta told defendant to put his clothes back on. Suddenly everything changed and defendant was arrested and placed in handcuffs.

Defendant testified that Officer Huerta entered his dormitory and told him to stay where he was until he was strip searched and cleared to leave. Defendant was wearing gray shorts, but not Michael Jordan basketball shorts. The Michael Jordan shorts did not belong to defendant. After Huerta searched all of defendant's clothing, he told defendant to get dressed and leave the dormitory.

While defendant was dressing, Officer Vargas arrived, picked up an article of clothing three or four feet from defendant, searched it, and found contraband. Defendant told the officers it did not belong to him. Defendant denied admitting the drugs and shorts belonged to him and explained he had not used drugs since 1995.

## APPELLATE COURT REVIEW

Defendant's appointed appellate counsel has filed an opening brief summarizing the pertinent facts, raising no issues, and requesting this court to review the record independently. (*People v. Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating defendant was advised he could file his own brief with this court. By letter on February 3, 2015, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.